IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER THIENEMAN, Individually and doing business as THE MINT JUBILEE,<br>    **Plaintiff,**<br><br>v.<br><br>UNIVERSITY OF LOUISVILLE FOUNDATION, INC., a Kentucky non-profit corporation<br><br> **SERVE:** University of Louisville Foundation, Inc.<br>    T. Kennedy Helm, III, Esquire<br>    Stites & Harbison, LLC<br>    400 W. Market St., Suite 1800<br>    Louisville, KY 40202-3352<br><br>JAMES GRAHAM BROWN CANCER CENTER, an assumed name corporation of UNIVERSITY MEDICAL CENTER, INC., a Kentucky non-profit corporation; and DOES 1 to 10, inclusive<br><br> **SERVE:** University Medical Center, Inc.<br>    John Johnson, Esquire<br>    Stites & Harbison, LLC<br>    400 W. Market St., Suite 1800<br>    Louisville, KY 40202-3352<br><br>    **Defendants.** | Civil Action No. 3:09cv-372-S<br><br>*ELECTRONICALLY FILED*<br><br>**COMPLAINT**<br>**(DEMAND FOR JURY TRIAL)**<br><br>1. **Federal Trademark Infringement in Violation of 15 U.S.C. §1114**<br><br>2. **False Designation of Origin/Federal Unfair Competition in Violation of 15 U.S.C. §1125(a)**<br><br>3. **Tortious Interference with Prospective Business Relations**<br><br>4. **Unfair Competition in Violation of Kentucky Common Law** |

    Plaintiff, Christopher Thieneman, individually and doing business as The Mint Jubilee hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1.   This is an action for trademark infringement under Section 32 (15 U.S.C. §1114) and Section 43 (15 U.S.C. §1125) of the Lanham Act and for related claims of unfair competition.  This Court has jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and (b), and this Court's pendent jurisdiction.

2.   Venue is proper in this district under 28 U.S.C. §§1391 and 1400(a) as Defendants, and each of them, conduct business in this district.

## PARTIES

3.   Plaintiff CHRISTOPHER THIENEMAN (hereinafter referred to individually as "THIENEMAN") is an individual residing in Louisville, Kentucky and doing business as THE MINT JUBILEE.

4.   Defendant UNIVERSITY OF LOUISVILLE FOUNDATION, INC. (hereinafter "ULF"), is a non-profit corporation, organized and existing under the laws of the State of Kentucky, having its principal place of business at 529 South Jackson Street, Louisville, Kentucky 40202.

5.   Defendant JAMES GRAHAM BROWN CANCER CENTER is an assumed name corporation of UNIVERSITY MEDICAL CENTER, INC. (hereinafter "JGBCC"), a non-profit corporation, organized and existing under the laws of the State of Kentucky, having its principal place of business at 503 South Jackson Street, Louisville, Kentucky 40202.

6.   Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and those agents, employees and/or independent contractors identified herein, was

2

the agent and/or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of this agency or employment.

7. Defendants Does 1 through 10, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that, upon information and belief, have engaged in the unlawful activities herein alleged. The Complaint will be amended, if appropriate, to include the name or names of these individuals when such information becomes available.

8. Defendants ULF, JGBCC, and Does 1 - 10 shall be collectively referred to in this Complaint as "Defendants."

## COMMON ALLEGATIONS

### TRADEMARK

9. Plaintiff THIENEMAN is the registered owner of the trademark "THE MINT JUBILEE" which is the subject of United States Trademark Registration No. 3,020,898, registration date November 29, 2005. For approximately twelve (12) years, THE MINT JUBILEE® mark has been utilized in conjunction with charitable fundraising services and, in particular, with THE MINT JUBILEE® Gala which is held each year on the eve of the Kentucky Derby® at the Galt House in Louisville, Kentucky.

10. Pursuant to a written agreement executed by and between Plaintiff THIENEMAN and Defendant ULF on April 28, 2005, Plaintiff granted Defendants a license to use THE MINT JUBILEE® mark for the same annual charitable event created in 1997.

11. Plaintiff has built a prominent reputation for charitable services and fundraising efforts. Additionally, Plaintiff has extensively advertised and promoted THE MINT JUBILEE® mark and the event and services associated with it, thereby developing enormously valuable goodwill.

12. Plaintiff has developed, promoted and personally endorsed THE MINT JUBILEE® Gala and allowed Defendant to trade on Plaintiff's reputation and good name in support of the work Defendants have been engaged in relative to cancer research and treatment.

13. On night of May 1, 2009, a representative for Defendants, during THE MINT JUBILEE® 2009 Gala, made a public announcement stating in effect that "as of tonight, THE MINT JUBILEE would no longer exist." Such an unauthorized statement by Defendants' representative was false and misleading. Defendants' representative further announced to the members of the public present at THE MINT JUBILEE® 2009 Gala that a new gala at the same location and on the same night in 2010 would take place and that the event would be called "THE JULEP BALL." In subsequent public announcements, Defendants have referred to "THE JULEP BALL" as being "formerly known as THE MINT JUBILEE." These announcements to the public are also false and misleading.

14. Plaintiff has recently determined that Defendant ULF has filed two "intent-to-use" applications with the United States Patent and Trademark Office, for registration of the marks JULEP BALL (Serial No. 77/678,161) and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER (Serial No. 77/717,226).

15. Defendants have placed the names and photographs of celebrity guests attending THE MINT JUBILEE® Gala on their website, located at www.julepball.org, which also incorporates THE MINT JUBILEE® logo on the backdrop as the celebrity guests arrived at THE MINT JUBILEE® Gala. Defendants were not, and are not, authorized to use such photos nor display THE MINT JUBILEE® logo in any of their printed or electronic materials. Defendants' unauthorized activities, including the use of the images and names of Plaintiff's celebrity guests, to promote Defendants' JULEP BALL are a blatant attempt to take advantage of Plaintiff's goodwill.

16. Defendants have also made, and continue to make, representations in the press and on their website that the proposed new gala, JULEP BALL, has been in existence for close to ten years when, in fact, the proposed JULEP BALL would be in only its first year.

### FIRST CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### IN VIOLATION OF 15 U.S.C. § 1114
### AGAINST ALL DEFENDANTS

17. Plaintiff THIENEMAN realleges each and every allegation set forth in Paragraphs 1 through 16, inclusive, and incorporates them by reference herein.

18. Defendants' willful, deliberate and unauthorized use of the trademark JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER, which are confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark in conjunction with their marketing, advertising, and promotion of the 2010 JULEP BALL gala, has caused confusion and is likely to continue to cause confusion, mistake and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with,

authorized by, endorsed by, licensed by and/or sponsored by Plaintiff, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

19. As a direct and legal result of Defendants' unauthorized use of the trademark JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER, which are confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark in connection with their marketing, advertising, and promotion of the 2010 JULEP BALL gala, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff. Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of marks confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark in conjunction with their promotion and advertising of the 2010 JULEP BALL. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

20. As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to his attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

21. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN/FEDERAL**
**UNFAIR COMPETITION**
**IN VIOLATION OF 15 U.S.C. § 1125(a)**
**AGAINST ALL DEFENDANTS**

22. Plaintiff THIENEMAN realleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, and incorporates them by reference herein.

23. Defendants' unauthorized use of the trademarks JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER, which are confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark in connection with the marketing, advertising, and promotion of their 2010 JULEP BALL gala constitutes unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' use suggests a false designation of the origin of services.

24. As a direct and legal result of Defendants' unauthorized use of the trademarks JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER, which are confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.  Furthermore, Defendants' actions have caused, and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the trademarks JULEP BALL and THE JULEP BALL

BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER, which are confusingly similar to Plaintiff THIENEMAN's THE MINT JUBILEE® trademark. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

25. As a further direct and legal result of Defendants' actions, Plaintiff has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial. In addition, Defendants' conduct amounts to unfair competition entitling Plaintiff to the disgorgement of Defendants' profits, interest and to his attorney's fees and costs in bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

26. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

### THIRD CLAIM FOR RELIEF
### TORTIOUS INTERFERENCE
### WITH PROSPECTIVE BUSINESS RELATIONS
### AGAINST ALL DEFENDANTS

27. Plaintiff THIENEMAN realleges each and every allegation set forth in Paragraphs 1 through 26, inclusive, and incorporates them by reference herein.

28. Upon information and belief, Plaintiff alleges that Defendants intentionally, and with reckless disregard for the consequences thereof, interfered, and continues to interfere, with the prospective business relations of Plaintiff.

29. Upon information and belief, Plaintiff alleges that at the time the Defendants engaged in the acts herein alleged, Defendants either actually knew or should have known that Plaintiff would lose valuable business, including sponsorships, as a result thereof.

30. Upon information and belief, Plaintiff alleges that Defendants acted for the improper purpose of interfering with the formation of any future commercial relationship or agreement between Plaintiff and its potential and existing sponsors.

31. Plaintiff was injured in its existing and prospective business as a result of Defendants' unlawful conduct. As a legal result of Defendants' unlawful interference Plaintiff has suffered injury to Plaintiff's business and pecuniary loss in an amount to be proven at Trial.

32. Upon information and belief, Plaintiff alleges that in doing the things alleged above, Defendants have acted intentionally and 1) placed their personal interests above those of the public and Plaintiff, and 2) acted with oppression, corruption, fraud, malice, and with the intent to harass and damage Plaintiff and the public. Therefore, Plaintiff is entitled to punitive damages in an amount to be proven at Trial.

33. The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of the Court, will cause great and irreparable injury to the general public and to Plaintiff, its business, reputation and goodwill. Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## FOURTH CLAIM FOR RELIEF
## UNFAIR COMPETITION
## IN VIOLATION OF KENTUCKY COMMON LAW
## AGAINST ALL DEFENDANTS

34. Plaintiff THIENEMAN realleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, and incorporates them by reference herein.

35. The conduct of Defendants as alleged herein has the capacity to deceive the public and constitutes unfair methods of competition. Plaintiff is entitled to losses occasioned by Defendants' unfair competition methods in violation of Kentucky common law.

36. The wrongful acts of Defendants, as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff, his business, reputation and goodwill. Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff THIENEMAN requests judgment against Defendants, and each of them, for the following:

### ON THE FIRST AND SECOND CLAIMS FOR RELIEF

1. That Plaintiff THIENEMAN's THE MINT JUBILEE® trademark has been infringed by Defendants' acts under 15 U.S.C. §§ 1114, 1125 and the federal common law;

    2.    That Defendants have unfairly competed with Plaintiff in violation of 15 U.S.C. § 1125;

    3.    That Plaintiff is entitled to recover damages from Defendants for Defendants' acts of federal trademark infringement and unfair competition, and that these damages be trebled under 15 U.S.C. § 1117(b) because Defendants' acts have been willful, and that Plaintiff be awarded its reasonable attorneys' fees;

    4.    That Defendants, their officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, confederates, and all persons in active concert or participation with them now and in the future, be enjoined from:

    (a)    Using the trademarks JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER or any confusingly similar any combination, reproduction, counterfeit, copy or colorable imitation of THE MINT JUBILEE® trademark in connection with the marketing, advertising and promotion of charitable services;

    (b)    Using the trademarks JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER or any confusingly similar any combination, reproduction, counterfeit, copy or colorable imitation of THE MINT JUBILEE® trademark in any manner likely to cause confusion, to cause mistake or to deceive the public;

    (c)    Committing any acts calculated to cause customers, consumers and/or charitable donors to believe that Defendants' services are approved, licensed, sponsored by, or endorsed by Plaintiff; and

    (d)    Otherwise competing unfairly with Plaintiff in any manner, including, but not limited to, usage of the trademarks JULEP BALL and THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER or any confusingly similar any combination, reproduction, counterfeit, copy or colorable imitation of THE MINT JUBILEE® trademark in connection with charitable services.

5. That Defendants be required to deliver up to Plaintiff for destruction, any and all materials which infringe Plaintiff's THE MINT JUBILEE® trademark and/or bear the trademarks JULEP BALL and/or THE JULEP BALL BENEFITTING THE JAMES GRAHAM BROWN CANCER CENTER;

6. That Defendants be required to supply Plaintiff with a complete list of entities or individuals to whom they have offered for sale and/or sold tickets to the 2010 JULEP BALL, and be required to contact such entities, inform them that such tickets are no longer for sale and may no longer be offered for sale;

7. That Defendants be ordered pursuant to 15 U.S.C. § 1116(a) to file, with the Court and serve upon Plaintiff, within thirty (30) days of the entry of injunction prayed for herein, a written report, under oath or affirmed under penalty of perjury, setting forth in detail the form and manner in which it has complied with the ordered permanent injunction.

8. Such other and further relief at law or in equity, to which the Court deems just and proper.

### ON THE THIRD AND FOURTH CLAIMS FOR RELIEF

9. General, special and consequential damages according to proof at the time of trial;

10. Costs of suit incurred herein;

11. Attorneys' fees;

12. A preliminary and permanent injunction against Defendants;

13. Such other and further relief at law or in equity, to which the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff CHRISTOPHER THIENEMAN hereby demands a jury trial.

Dated:   May 22, 2009

Respectfully submitted,

FULTZ MADDOX HOVIOUS & DICKENS PLC

/s R. Gregg Hovious
R. Gregg Hovious
John David Dyche
2700 National City Tower
Louisville, Kentucky 40202
(502) 588-2000 (telephone)
ghovious@fmhd.com
jddyche@fmhd.com

Eric J. Goodman
David A. Bernstein
Nichols D. Meyers
BURKHALTER KESSLER GOODMAN & GEORGE LLP
2020 Main Street, Suite 600
Irvine, California  92614
(949) 975-7500 (telephone)
egoodman@bkgglaw.com
dberstein@bkgglaw.com
nmyers@bkgglaw.com

*Counsel for Plaintiff*
*Christopher Thieneman and d/b/a The Mint Jubilee*

13